Brett N. Taylor, State Bar No. 274400
Email: btaylor@cozen.com
COZEN O'CONNOR
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017
Telephone: 213.892.7900
Facsimile: 213.892.7999

Attorneys for Defendant
VITAMIN SHOPPE INDUSTRIES, LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>vs.<br><br>VITAMIN SHOPPE INDUSTRIES LLC, a New York Limited Liability Company,<br><br>    Defendants. | Case No.: 5:22−cv−00571-EJD<br><br>**DEFENDANT VITAMIN SHOPPE INDUSTRIES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Complaint Filed: January 28, 2022 |

Defendant VITAMIN SHOPPE INDUSTRIES, LLC ("Vitamin Shoppe" or "Defendant") here by answers the Complaint by Scott Johnson ("Plaintiff") on behalf of itself, and no other defendant, alleges as follows:

Defendant denies each and every allegation contained in each and every paragraph of the Complaint, except as expressly admitted below, or those denied due to lack of knowledge and information, as set forth below.

**PARTIES:**

1.   Vitamin Shoppe lacks sufficient information to admit or deny the allegations contained in Paragraph 1 of the Complaint.

2.   Vitamin Shoppe admits the allegations in Paragraph 2 of the Complaint.

3. Vitamin Shoppe admits the allegations in Paragraph 3 of the Complaint.

4. Vitamin Shoppe submits that the allegations contained in Paragraph 4 of the Complaint consist of legal conclusions, legal opinions, and/or recitations of purported law, requiring no response. To the extent a response is deemed required, Vitamin Shoppe denies the allegations in Paragraph 4 of the Complaint.

**JURISDICTION & VENUE:**

5. Vitamin Shoppe submits that the allegations contained in Paragraph 5 of the Complaint consist of legal conclusions, legal opinions, and/or recitations of purported law, requiring no response. To the extent a response is deemed required, Vitamin Shoppe does not challenge the District Court's jurisdiction over this matter and otherwise denies the allegations contained in Paragraph 5.

6. Vitamin Shoppe submits that the allegations contained in Paragraph 6 of the Complaint consist of legal conclusions, legal opinions, and/or recitations of purported law, requiring no response. To the extent a response is deemed required, Vitamin Shoppe does not challenge the District Court's jurisdiction over this matter and otherwise denies the allegations contained in Paragraph 6.

7. Vitamin Shoppe submits that the allegations contained in Paragraph 7 of the Complaint consist of legal conclusions, legal opinions, and/or recitations of purported law, requiring no response. To the extent a response is deemed required, Vitamin Shoppe does not challenge the venue for this action given that it operates a store location at issue within the Northern District of California, and otherwise denies allegations contained in Paragraph 7.

**FACTUAL ALLEGATIONS:**

8. Vitamin Shoppe lacks sufficient information to admit or deny the allegations contained in Paragraph 8 of the Complaint and denies them on that basis.

9. Vitamin Shoppe admits the allegations contained in Paragraph 9 of the Complaint.

DEFENDANT VITAMIN SHOPPE INDUSTRIES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

10. Vitamin Shoppe denies the allegations contained in Paragraph 10 of the Complaint.

11. Vitamin Shoppe admits that the Store provides sales counters to its customers and denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. Vitamin Shoppe denies the allegations contained in Paragraph 12 of the Complaint.

13. Vitamin Shoppe denies the allegations contained in Paragraph 13 of the Complaint.

14. Vitamin Shoppe denies the allegations contained in Paragraph 14 of the Complaint.

15. Vitamin Shoppe denies the allegations contained in Paragraph 15 of the Complaint.

16. Vitamin Shoppe denies the allegations contained in Paragraph 16 of the Complaint.

17. Vitamin Shoppe denies the allegations contained in Paragraph 17 of the Complaint.

18. Vitamin Shoppe submits that the allegations contained in Paragraph 18 of the Complaint consist of legal conclusions, legal opinions, and/or recitations of purported law, requiring no response. To the extent a response is deemed necessary, Vitamin Shoppe denies the allegations in Paragraph 18. Vitamin Shoppe specifically denies that it failed to provide accessible facilities at the Store.

19. Vitamin Shoppe submits that the allegations contained in Paragraph 19 of the Complaint consist of legal conclusions, legal opinions, and/or recitations of purported law, requiring no response. To the extent a response is deemed necessary, Vitamin Shoppe denies the allegations in Paragraph 19. Vitamin Shoppe specifically denies that it failed to provide accessible facilities at the Store.

20. Vitamin Shoppe submits that the allegations contained in Paragraph 20 of the Complaint consist of legal conclusions, legal opinions, and/or recitations of purported law, requiring no response. To the extent a response is deemed necessary, Vitamin Shoppe denies the allegations in Paragraph 20. Vitamin Shoppe specifically denies that it failed to provide accessible facilities at the Store.

21. Vitamin Shoppe submits that the allegations contained in Paragraph 21 of the Complaint consist of legal conclusions, legal opinions, and/or recitations of purported law, requiring no response. To the extent a response is deemed necessary, Vitamin Shoppe denies the allegations in Paragraph 21. Vitamin Shoppe specifically denies that it failed to provide accessible facilities at the Store.

22. Vitamin Shoppe submits that the allegations contained in Paragraph 22 of the Complaint consist of legal conclusions, legal opinions, and/or recitations of purported law, requiring no response. To the extent a response is deemed necessary, Vitamin Shoppe denies the allegations in Paragraph 22. Vitamin Shoppe specifically denies that it failed to provide accessible facilities at the Store.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

23. Vitamin Shoppe repeats and incorporates by reference its response to Paragraphs 1 through 22 of the Complaint as though set forth in full. Vitamin Shoppe denies all allegations except those specifically admitted.

24. Vitamin Shoppe submits that the allegations contained in Paragraph 24 of the Complaint consist of legal conclusions, legal opinions, and/or recitations of purported law, requiring no response. To the extent a response is deemed necessary, Vitamin Shoppe denies the allegations in Paragraph 24.

25. Vitamin Shoppe submits that the allegations contained in Paragraph 25 of the Complaint consist of legal conclusions, legal opinions, and/or recitations of

purported law, requiring no response. To the extent a response is deemed necessary, Vitamin Shoppe denies the allegations in Paragraph 25.

26. Vitamin Shoppe denies the allegations contained in Paragraph 26 of the Complaint.

27. Vitamin Shoppe submits that the allegations contained in Paragraph 27 of the Complaint consist of legal conclusions, legal opinions, and/or recitations of purported law, requiring no response. To the extent a response is deemed necessary, Vitamin Shoppe is unable to admit or deny the allegations in Paragraph 27 of the Complaint, and on that basis, denies such allegations.

28. Vitamin Shoppe submits that the allegations contained in Paragraph 28 of the Complaint consist of legal conclusions, legal opinions, and/or recitations of purported law, requiring no response. To the extent a response is deemed necessary, Vitamin Shoppe denies the allegations in Paragraph 28. Vitamin Shoppe specifically denies that the Store was not accessible.

29. Vitamin Shoppe submits that the allegations contained in Paragraph 29 of the Complaint consist of legal conclusions, legal opinions, and/or recitations of purported law, requiring no response. To the extent a response is deemed necessary, Vitamin Shoppe denies the allegations in Paragraph 29. Vitamin Shoppe specifically denies that the Store was not accessible.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

30. Vitamin Shoppe repeats and incorporates by reference its response to Paragraphs 1 through 29 of the Complaint as though set forth in full. Vitamin Shoppe denies all allegations except those specifically admitted. Additionally, the remainder allegations in Paragraph 30 of the Complaint consist of legal conclusions, legal

opinions, and/or recitations of purported law, requiring no response. To the extent a response is deemed necessary, Vitamin Shoppe denies the allegations in Paragraph 30.

31. Vitamin Shoppe submits that the allegations contained in Paragraph 31 of the Complaint consist of legal conclusions, legal opinions, and/or recitations of purported law, requiring no response. To the extent a response is deemed necessary, Vitamin Shoppe denies the allegations in Paragraph 31.

32. Vitamin Shoppe submits that the allegations contained in Paragraph 32 of the Complaint consist of legal conclusions, legal opinions, and/or recitations of purported law, requiring no response. To the extent a response is deemed necessary, Vitamin Shoppe denies the allegations in Paragraph 32.

33. Vitamin Shoppe submits that the allegations contained in Paragraph 33 of the Complaint consist of legal conclusions, legal opinions, and/or recitations of purported law, requiring no response. To the extent a response is deemed necessary, Vitamin Shoppe denies the allegations in Paragraph 33. Vitamin Shoppe specifically denies that Plaintiff is entitled to any damages.

34. Vitamin Shoppe submits that the allegations contained in Paragraph 34 of the Complaint consist of legal conclusions, legal opinions, and/or recitations of purported law, requiring no response. To the extent a response is deemed necessary, Vitamin Shoppe denies the allegations in Paragraph 34. Vitamin Shoppe specifically denies that Plaintiff is entitled to any damages.

**PRAYER**

1. Vitamin Shoppe denies that Plaintiff is entitled to the relief requested.
2. Vitamin Shoppe denies that Plaintiff is entitled to the relief requested.
3. Vitamin Shoppe denies that Plaintiff is entitled to the relief requested.
4. Vitamin Shoppe denies that Plaintiff is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

Without admitting any fact alleged by Plaintiff or altering any burden of proof, Vitamin Shoppe further pleads the following separate affirmative defenses to the Complaint and the causes of action therein, the applicability of which will be determined through the course of discovery:

### 1.   FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's claims against Vitamin Shoppe are barred, in whole or in part, because Plaintiff fails to state a claim upon which relief may be granted.

### 2.   SECOND AFFIRMATIVE DEFENSE
### (No Standing)

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to assert those claims.

### 3.   THIRD AFFIRMATIVE DEFENSE
### (Failure to Satisfy Conditions Precedent)

Plaintiff's claims against Vitamin Shoppe are barred, in whole or in part, because Plaintiff failed to satisfy conditions precedent to initiating litigation on the claims stated in this action, or some of them.

### 4.   FOURTH AFFIRMATIVE DEFENSE
### (No Control)

Plaintiff's alleged damages, if any, were caused by parties, circumstances, or conditions over which Vitamin Shoppe had no control or right of control.

### 5.   FIFTH AFFIRMATIVE DEFENSE
### (Right to Indemnification)

The acts or omissions alleged by Plaintiff were caused by other parties, or the responsibility of other parties, and Vitamin Shoppe is entitled to indemnity from such parties.

### 6. SIXTH AFFIRMATIVE DEFENSE
### (Compliance with Applicable Laws)

Plaintiff's claims against Vitamin Shoppe are barred, in whole or in part, because Vitamin Shoppe has complied with all laws and regulations with regard to the subject matter of Plaintiff's Complaint, and is therefore not liable to Plaintiff for damages she may have sustained, if any.

### 7. SEVENTH AFFIRMATIVE DEFENSE
### (Independent Cause)

The alleged injuries, damages, or loss, if any, for which Plaintiff seeks recovery, were the result of causes independent of any purported acts or omissions on the part of Vitamin Shoppe, or any of its agents, representatives or employees, thereby eliminating or reducing the alleged liability of Vitamin Shoppe.

### 8. EIGHTH AFFIRMATIVE DEFENSE
### (No Proximate Cause)

Vitamin Shoppe is informed and believes, and therefore alleges, that the acts or omissions of Vitamin Shoppe, if any, were not the proximate cause of the losses, damages or injuries alleged in the Complaint.  The damages suffered by Plaintiff, if any, were caused in whole or in part by the wrongful acts and omissions of persons and entities other than Vitamin Shoppe.  Further, such wrongful acts and omissions constitute an intervening and superseding cause.

### 9. NINTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

At all times and places set forth in the Complaint, Plaintiff may have failed to exercise ordinary care on her own behalf concerning the subject matter of the Complaint, which negligence and carelessness was a proximate cause of some or all of the injuries and damages complained of in this action, if any.  Plaintiff's recovery against Vitamin Shoppe, therefore, should be barred or reduced according to principles of comparative negligence.

**10.   TENTH AFFIRMATIVE DEFENSE**

**(Waiver, Estoppel, Laches)**

Plaintiff's claims against Vitamin Shoppe are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, and/or laches.

**11.   ELEVENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiff is barred from seeking the relief requested from Vitamin Shoppe under the doctrine of unclean hands.

**12.   TWELFTH AFFIRMATIVE DEFENSE**

**(Undue Burden)**

Awarding Plaintiff the relief requested, or any relief, from Vitamin Shoppe would result in an undue burden to Vitamin Shoppe pursuant to 42 U.S.C. section 12181(b)(2)(A)(iii), and as defined under 28 C.F.R. section 36.303(a) and 28 C.F.R. section 36.104.

**13.   THIRTEENTH AFFIRMATIVE DEFENSE**

**(Relief Not Readily Achievable)**

The relief sought from Vitamin Shoppe by Plaintiff, or some of it, is barred on the ground that it is not readily achievable within the meaning of 42 U.S.C. section 12181(9) and 28 C.F.R. section 36.104.

**14.   FOURTEENTH AFFIRMATIVE DEFENSE**

**(Structurally Impracticable Relief)**

Plaintiff's claims against Vitamin Shoppe are barred, in whole or in part, on the ground that the relief requested is structurally impracticable as defined by 42 U.S.C. section 12183(a)(1) and 28 C.F.R. §36.401(c).

**15.   FIFTEENTH AFFIRMATIVE DEFENSE**

**(Alteration of Fundamental Nature of Provisions)**

Plaintiff's claims against Vitamin Shoppe are barred, in whole or in part, because the relief sought by Plaintiff would fundamentally alter the nature of the

goods, services, facilities, privileges, advantages, and accommodations offered by Vitamin Shoppe within the meaning of 28 C.F.R. section 36.302(a).

## 16. SIXTEENTH AFFIRMATIVE DEFENSE
### (Availability Through Alternative Methods)

Plaintiff's claims against Vitamin Shoppe are barred, in whole or in part, because Vitamin Shoppe's goods, services, facilities, privileges, advantages, and accommodations are available through alternative methods.

## 17. SEVENTEENTH AFFIRMATIVE DEFENSE
### (Conventional Building Industry Tolerances)

Plaintiff's claims against Vitamin Shoppe are barred, in whole or in part, because the facilities at issue in Plaintiff's Complaint are consistent with conventional building industry tolerances for field conditions.

## 18. EIGHTEENTH AFFIRMATIVE DEFENSE
### (Speculative Damages)

Plaintiff's claims against Vitamin Shoppe are barred, in whole or in part, because her alleged damages are too speculative.

## 19. NINETEENTH AFFIRMATIVE DEFENSE
### (Disproportionate Claims for Relief)

Plaintiff's claims are barred, in whole or in part, because the relief sought is disproportionate to the cost and scope of the overall alterations.

## 20. TWENTIETH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff's claims against Vitamin Shoppe are barred, in whole or in part, because Plaintiff has failed to mitigate her alleged damages.

## 21. TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Additional Affirmative Defenses)

Vitamin Shoppe reserves the right to raise and plead additional defenses and/or

affirmative defenses which might become known during the course of discovery, as well as to dismiss any defenses which, as a result of discovery, are determined to be unsupported by good faith reliance upon either the Complaint or the law, or a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Vitamin Shoppe prays for judgment as follows:

1. That Plaintiff takes nothing by way of his Complaint;
2. 
3. That the Complaint be dismissed in its entirety with prejudice;
4. That Plaintiff be denied each and every demand and prayer for relief;
5. For costs of suit incurred herein and reasonable attorney fees; and
6. For such other and further relief as the District Court may deem just and proper.

## JURY DEMAND

Vitamin Shoppe requests a trial by jury with respect to all claims and issues for which a jury trial may be had.

Dated:  April 14, 2022                COZEN O'CONNOR

By: */s/ Brett N. Taylor*
Brett N. Taylor
Attorneys for Defendant VITAMIN SHOPPE INDUSTRIES, LLC